Cheves, J.,
delivered his opinion as follows:
I concur in the opinion, that the motion should be refused on all the grounds; and generally for the reasons assigned by my brother Nott, except on the subject of interest. On this subject, I do not know how far the Court are agreed, and, therefore I will assign my own reasons for my concurrence in the judgment of the Court on this point.
The English authorities are so contradictory on the subject, that Mr. Campbell, in a note to De Havilland v. Bowerbank, (1 Camp. Rep. 53,) appears to consider the circumstance as a reproach to the courts ; he says, “ it would, fortunately, be very difficult to fix upon another point of English law, on which the authorities are so little in harmony with each other.” It had been repeatedly determined, and appeared to be the settled law of the English Court, to allow interest on money lent, or laid out for another’s use. (Bunb. 119, Blaney v. Hendrick, 3 Wilson, 205; 5 Bro. Parl. Ca. 71; 1 Ves. Junr. 63.) The case to be found in the last-cited authority, (Craven v. Tickell,) to my mind, (on a point like this,) is better evidence than any single case ; for it is the result of an inquiry, from those whose minds perpetuated the law, and whose memories were *the living repository of the practice, as to the law and practice on the point, as they were at that day settled. The Lord Chancellor says, “ The money referred to inquiry, is the money laid out by the plaintiff, in execution of the contract, (a contract for building a house.) Money paid to the workmen, who were to be paid by the defendant, is money advanced for him, and it is the constant practice at Guildhall, (I do not speak from my own experience, but from conversations I have had with the Judges on the subject,) either by the contract or in damages, to give interest upon every debt detained.” (Vide Mr. Day’s notes to the case of Alkins v. Wheeler, 2 New Rep. 205; Gordon v. Swan, 12 East, 418; Shipley v. Hammond, 5 Esp. Ca. 114.) Interest was allowed by the English Courts, for money had, and received by one to the use of another, which he was bound to pay over or apply, when kept an unreasonable time ; (vide for authorities, Mr. Day’s notes before referred to, particularly the note to Alkins v. Wheeler, sec. 9, 10, 11 and 12.) I admit that the eases relied on are generally decisions in the Court of Equity. But that Court professes to be goverened, where the jurisdiction is common, by the practice of the law courts, as in the case of Craven v. Tickell, already cited; and the Master of the Rolls, in the case of Upton v. Ferrers, (5 Ves. Junr. 803,) after having stated that he had before consulted Lord Kenyon on the subject of interest, then before him, (which however was not the present point,) says, “ it was so at law, and it would be ridiculous to have a different rule in this Court.” It is nowhere said, before the case of Walker v. Constable, (1 B. & Pul. 306,) that interest cannot be recovered in an action for money had and received. It would seem that this case turned upon the pleadings. Mr. Chitty, whose accuracy and learning have almost superceded the labors of previous writers, on the subject of pleadings, appears to put the case on this footing. (1 Chitty, 342.) In the generality of the terms used in the report, the case is certainly not law : for interest, by the admission of all, may be recovered in *an action for money had and received, under some eircumstances, though not on the count for money had and received, *36 unless the count and the action be convertible terms, and perhaps they are so to be considered. This indeed seems to be the proper way of reconciling Mr. Chitty with the case of Walker v. Constable. The case of Tappenden v. Randall, (2 B. & Pul. 472,) is the same as Walker v. Constable, and depends upon it. The latter, it is said in the report of it, was decided on the authority of Moses v. M’Farland, (2 Burr. 1005;) but it would be difficult to find any authority for it in Moses v. M’Farland, in the whole of which, the word interest does not occur. It is only said by Lord Mansfield, that the defendant in the action for money had and received “can be liable no further than the money he has received by which, I think, he ought to be considered to mean, that he could not be liable to the discretionary damages, to which he might-be liable in a special action, which was the alternative, that the argument and the question in the case, presented. So far was the doctrine from being settled, that interest could not be recovered on money had and received, without a contract, that Mr. Justice Buller, (who probably understood the practice as well as any Judge who ever sat on the bench,) suggests in the case of Walker v. Constable, that interest might be recovered under the count for money had and received: It was finally, in that case, otherwise determined ; but it shows two things. 1st. That the contrary was not before settled. 2d. That the only point agitated in that case, turned on the count only. Down then to the case of De Havilland v. Bowerbank, there seems to he no case which makes the right to recover interest, depend on an agreement or understanding in the nature of a contract. On the contrary, in the case of Richards v. Barton, (1 Esp. Ca. 268,) Lord Kenyon sustained an action for interest on money, procured by the plaintiff to pay for an annuity, the charges on which, the grantor had misrepresented, and which was, in consequence! n°t purchased. This is not so strong a case, *as if the money had been paid over to the grantor, and the action had been to recover it back with interest. It may then be said to decide that interest would be recoverable in that case. A recurrence to the cases already referred to, will show that to be the established practice of the Court of Chancery. Interest was recoverable, even for goods sold and delivered, where a stipulated term of credit had expired, and in cases of long delay under vexatious and oppressive circumstances, if a jury, in their discretion, thought fit to allow it. Eddowes v. Hopkins, (Doug. 376;) Mountford v. Willis, (2 B. & Pul. 337.) So interest appears to have been recoverable on liquidated demands, (3 Wilson, 205,) Blaney v. Hendrick. So it appears to have been the practice of Mr. Justice Buller to allow interest on policies of insurance, De Bernales v. Fuller, et al., (2 Campbell, 427,) and it could not have been a practice peculiar to him; for in that case, neither the bar nor the underwriters would have submitted to it.
The true spirit of all the cases seems to be, that in all cases of liquidated or certain demand, interest was allowed, either according to the contraet or in damages, from the time it was due and payable. On book debts, and other demands which were uncertain, and recoverable on a quantum valebat, or quantum meruit, interest was not recoverable, unless by custom or agreement interest was payable, or unless they were vexatiousiy or oppressively withheld. Such I consider to have been the *37 law of South Carolina, until the judgment of this Court in the case of Smith v. Taylor, (MS.) which was decided on the authority of the cases from (Bos. & Pul.) with which the, bar had just about that time become acquainted. I think the case of Smith v. Taylor caused a good deal of sensation at the bar, and it was supposed, I think by many, that following the principal case (Walker v. Constable,) it turned upon the count; and I think, on the whole, that case must be so considered. That the law of this State, before the case of Smith v. Taylor, was, as I have stated, will appear from the case of Skirving v. Stobo, (*2 Bay, 233,) from which it will also appear, that this Court, at that day, construed the English authorities as I have done. And whatever was intended to be decided by case of Smith v. Taylor, it very little disturbed the previous practice. It was, as I learn from my brethren, unknown to the practitioners out of the precincts of Charleston, and even there, seems to have been permitted to go into a kind of oblivion ; for in a case which was argued a few days before this cause, (Alexander v. Gibson, MS.)[1] interest was conceded to be due, as a matter of course and of right on money had and received, though the most minute points of it were warmly controverted by learned and experienced counsel. So, I presume, it has almost beeu habitually allowed. Interest in this State has never been denied on money lent; but this is now in the English Courts very consistently put on the same footing as money had and received., This was determined in Calton v. Bragg, (15 East, 223,) where Lord Ellenborough seems to have consummated the effort commenced in De Havilland v. Bowerbank, to settle the practice, and leave as little to discretion, (which is the greatest of all judicial evils) as possible. I think we should imitate the example of settling the practice in such manner as to leave as little to the discretion of the bench or the jury, as possible. This we can best do, and can only of right do, by adhering to our own old practice. If we follow the decisions of Lord Ellen-borough, commencing with De Havilland v. Bowerbank, we must abandon almost every rule of it. We must refuse to give interest on liquidated amounts ; on policies of insurance ; on money lent and paid out for another’s use ; on money had and received; on goods sold and delivered, where there is an express time- of payment, and where the paymenthasbeen vexatiously and oppressively detained; and in all other cases within the principles of the eases enumerated, where there is no contract; and we must refuse it in the ease before us, because in it there is not the semblance of a contract to pay interest. So far from it, that though *we have determined with satisfaction to ourselves, we have come to the conclusion, not without previous doubts, that the principal was recoverable. We deceive ourselves, if we suppose, that in this case we can allow interest, according to the late English decisions. Those decisions allow interest only on the ground of contract; and no injustice in the receipt, or detention of the money, according to them, can lay the foundation of an implied assumpsit to pay interest. In the ease of De Havilland v. Bowerbank, (1 Camp. 50,) the money had been detained ten years, without any plausible pretence ; and in De Bernales v. Fuller, (2 Camp. 426,) the money had been fraudulently diverted by an agent from *38 its intended application. Nothing short of a contract, according to these decisions, can authorise interest; and this contract cannot be inferred from the obligation to pay the principal and the delay of payment.
Bee and Simons, for the motion. Richardson and Pr.ioleau, contra.
My opinion is, that according to the law and practice of this State, interest is recoverable, either according to the contract, or in damages, in all cases of certain or liquidated demands, from the time they are legally due and payable ; and in all other cases, in the nature of debt, where by custom or agreement interest is payable, or in which the demand has been vexatiously or oppressively withheld. According to these principles, I think interest' is due in this case, because it is for the'recovery of money belonging to the plaintiffs, which the defendant had no legal right to' exact, or retain, and is a demand certain in its nature.

 MS. See post, 480.